[Cite as *In re H. Children*, 2011-Ohio-4076.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| H. CHILDREN | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| | Case No. 2010CA00329 |

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Juvenile Division, Case No. 2005 JCV 138880 |
| JUDGMENT: | Reversed |
| DATE OF JUDGMENT ENTRY: | August 15, 2011 |

APPEARANCES:

| | |
|---|---|
| For Appellant | For Appellee |
| MARY G. WARLOP | AARON KOVALCHIK |
| 116 Cleveland Ave. N.W., Suite 500 | 116 Cleveland Ave. N.W., Suite 808 |
| Canton, Ohio 44702 | Canton, Ohio 44702 |

*Hoffman, P.J.*

{¶1}    Appellant Rolland Torrence ("Father") appeals the October 27, 2010 Judgment Entry entered by the Stark County Court of Common Pleas, Juvenile Division, which found him guilty of contempt.  Appellee is Angela Hamilton, nka Angela Wood, ("Mother").

STATEMENT OF THE FACTS AND CASE

{¶2}    Father and Mother are the biological parents of D.H. (dob 4/5/00).  On September 16, 2005, the Stark County Department of Job and Family Services ("SCDJFS") filed a Complaint in the Stark County Court of Common Pleas, Juvenile Division, alleging D.H. and her sister to be dependent, neglected and abused children.[1] The trial court adjudicated D.H. an abused child, and placed her in the temporary custody of Father under the protective supervision of SCDJFS. SCDJFS subsequently filed a motion requesting the trial court grant legal custody of D.H. to Father.  On October 19, 2006, the trial court granted the motion. The trial court granted Mother Schedule "A" visitation to begin after a two-month transition period. The October 19, 2006 Order indicated, upon implementation of full Schedule "A" visitation, the parent receiving visitation was to provide transportation.

{¶3}    On August 17, 2010, Mother filed a motion to show cause, asking the trial court to find Father in contempt for denying her visitation with D.H.  The trial court conducted an evidentiary hearing on the motion on September 27, 2010. Father

---

[1] Father is not the father of D.H.'s sister; therefore, the sister is not subject to this Appeal.

appeared without counsel. After discussing with Father the possible consequences of being found guilty of contempt, the trial court continued the hearing.

{¶4} At the rescheduled hearing on October 26, 2010, Mother testified she had a couple of visits with D.H., but the visits completely stopped after she and Father had an argument over medication Mother forgot to pack for D.H. Mother stated she attempted to contact Father by telephone, but each time she did, he would yell and hang up on her. Mother stated Father has not always provided her with a current phone number.

{¶5} On cross-examination, Mother acknowledged D.H. had been spending weekends with her (Mother's) mother, and admitted going to her mother's home to visit D.H. on those weekends. Mother noted she never tried to go and pick up D.H. because she did not "want to fight any more with [Father]." Mother explained she did not have her last scheduled weekend visit with D.H., which was just prior to the hearing, because of a sick child for whom Mother cares and a lack of transportation. On re-direct examination, Mother indicated her visitation with D.H. was suppose to be at her home, not her mother's home.

{¶6} Father testified, approximately four months after Mother began her full Schedule "A" visitation, she advised him she was unable to have her every other Wednesday visits with D.H. due to a lack of transportation. Father indicated Mother continued to have every other weekend visits over the course of the next couple of months. Father explained Mother stopped visiting with D.H. after he and Mother had an argument regarding Mother's failure to give D.H. her medicine during the weekend, and her forgetting to return the prescription to Father at the end of the visit. Mother refused

Father's request that she bring the prescription to him. Rather, Father had to drive to Mother's home to retrieve it. Father stated, after the incident, Mother ceased visiting with D.H. Mother did not call Father to arrange to see D.H. Father stated he never hung up on Mother, and never told her she could not visit the child. Father noted the incident occurred approximately three years ago, and Mother had not contacted him for visits since that time. On cross-examination, Father conceded he had changed his phone number, but had never provided Mother with his new number. Father added Mother's mother had the phone number if Mother wanted it.

{¶7} Tammy Bander, Mother's mother, testified on Father's behalf. D.H. visits Bander every other weekend pursuant to an agreement between Bander and Father. Bander has welcomed Mother to the visits and has called Mother about the visits. However, Mother rarely visits D.H. when the child is visiting with Bander. Bander recalled Mother only complained one time, approximately three and one-half years earlier, about Father not allowing her to visit with D.H. Bander noted Mother has never asked to take D.H. to her own home when she has visited the child at Bander's home.

{¶8} After hearing all the evidence, the trial court found Father guilty of contempt. The trial court sentenced Father to 30 days in the Stark County Jail, and imposed a $250 fine plus court costs. The trial court ordered both Mother and Father to sign up for the Working Together for Children Seminar, and participate in the mediation component of the program. The trial court advised the parties it would consider deferring the sentence and/or purging the contempt if the parties resolved the issue by rescheduling missed visits and finding a way to implement the Schedule "A" visitation. The trial court memorialized its ruling via Judgment Entry filed October 7, 2010.

{¶9} It is from this judgment entry Father appeals, raising as his sole assignment of error:

{¶10} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FINDING APPELLANT GUILTY OF CONTEMPT OF COURT."

I

{¶11} Herein, Father maintains the trial court erred and abused its discretion in finding him guilty of contempt of court. We agree.

{¶12} "To support a contempt finding, the moving party must establish, by clear and convincing evidence, the existence of a valid court order, that the offending party had knowledge of the order and that the offending party violated such order." *Hueber v. Hueber,* 12th Dist. Nos. CA2006–01–004, CA2006–02–019, CA2006–02–020, 2007– Ohio–913 at ¶ 16. Our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *Hagan v. Hagan,* Stark App. No.2009CA00148, 2010–Ohio–540 at ¶ 12, citing *In re Mittas* (Aug. 6, 1994), Stark App. No.1994CA00053.

{¶13} We find the evidence does not establish Father violated the October 19, 2006 Order. Mother specifically testified she did not ever try to go and pick up D.H. after the visit which ended with Parents' argument over D.H.'s medication. Tr. Oct. 26, 2010 Hearing at 7. Pursuant to the October 19, 2006, Mother was responsible for the transportation of D.H. The fact Father yelled at her, hung up on her, and/or changed his telephone number did not absolve Mother of her duty to transport D.H. for visitation under the Order. If Father refused to allow D.H. to visit Mother after Mother tried to pick up the girl, Mother could have requested court intervention. We find Mother's failure to

regularly visit D.H. when the girl was visiting with Bander supports our decision Mother did not actively seek visitation with D.H.

{¶14} Father's sole assignment of error is sustained.

{¶15} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

s/ William B. Hoffman_____

HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer _____

HON. SHEILA G. FARMER

s/ Patricia A. Delaney_____

HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:                     :

                                    :

H. CHILDREN                       :

                                    :

                                  :

                                  :           JUDGMENT ENTRY

                                  :

                                  :

                                  :           Case No. 2010CA00329

For the reasons stated in our accompanying Opinion, The judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed.  Costs to Appellee.

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY